IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHEET METAL WORKERS'        )
INTERNATIONAL ASSOCIATION   )
LOCAL 268, et al.,          )
                            )
                Plaintiffs, )
                            )
vs.                         )        Case No. 09-cv-0082-MJR-CJP
                            )
ERNEST L. MORRIS,           )
                            )
                Defendant.  )

## ORDER GRANTING DEFAULT JUDGMENT

REAGAN, District Judge:

Plaintiffs filed this action in January 2009, seeking to recover delinquent fringe benefit contributions under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Section 502 of ERISA, as amended, 29 U.S.C. § 1132. The named Defendant is an individual, Ernest Morris, who does business as ELM Sheet Metal Heating and Air Conditional Co., Inc. The Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331.

The record indicates that Morris was served with Plaintiffs' original complaint on February 11, 2009 (via personal service) and served with Plaintiffs' *amended* complaint one month later (via mail). To date, Morris has neither answered nor otherwise moved in response thereto. On April 29, 2009, Plaintiffs secured a Clerk's entry of default under Federal Rule of Civil Procedure 55(a). Plaintiffs now move for default judgment under Rule 55(b).

The pleadings reveal that Defendant Morris is bound by a collective bargaining agreement with Sheet Metal Workers Local 268, requiring Morris to submit monthly reports and contributions to certain Plaintiff Funds. Plaintiffs ask the Court for (a) a judgment in the amount of $64,587.02 for unpaid contributions based on the period January 2008 through November 2008, plus (b) an order compelling Morris to submit to a financial compliance examination thereby enabling Plaintiffs to determine any remaining amounts owed by Morris. (The collective bargaining agreement authorizes Plaintiffs to examine Morris' financial records to ascertain whether the required contributions were made.)

The Court **GRANTS in part and DENIES in part (at this time)** Plaintiffs' motion (Doc. 20).

Default judgment is appropriate under Rule 55(b). Rule 55(b)(1) provides that if a plaintiff's claim is for a sum certain, or a sum *that can be made certain by computation*, default judgment should be entered for that amount upon default by a party that is neither a minor nor incompetent, if the motion is supported by an affidavit showing the amount due. In the case at bar, Plaintiffs have submitted an affidavit and supporting documentation showing the amounts due in unpaid contributions from January through November 2008 (see Doc. 21).

The Court <u>GRANTS</u> Plaintiffs' motion to the extent it seeks default judgment and <u>GRANTS</u> the motion to the extent it asks for an audit. The Court <u>DIRECTS</u> Defendant Morris to produce the relevant books, records, ledgers and other documents for a financial compliance examination (as needed to determine the hours worked by – and wages paid to – Defendant's employees since November 1, 2006). Defendant Morris shall produce these materials <u>no later than</u> **JUNE 9, 2009**.

The Court DENIES the motion only in that it declines *at this time* to enter final judgment for the $64,587.02 requested by Plaintiffs. The undersigned Judge's typical practice in this situation is to grant a default judgment *motion* but refrain from *entering judgment* until the complete total of damages has been calculated and submitted to the Court. Since the audit may reveal additional amounts owed by Morris to Plaintiffs under the collective bargaining agreement, the Court POSTPONES entry of judgment until the audit has been completed and Plaintiffs file a "Motion for Entry of Judgment" which requests a specific total of all recoverable damages herein (a proposed Judgment/Order reflecting this amount should then be furnished to the undersigned Judge's proposed document inbox).

IT IS SO ORDERED.

DATED this 1st day of May 2009.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge